UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:23-cv-61775

**Bertland King,** individually, **Wenda King**, individually, **Bertland and Wenda King**, as legal guardian of **S.K. 1**, a minor child, **Bertland and Wenda King**, as legal guardians of **S.K. 2**, a minor child, **Bertland and Wenda King,** as legal guardians of **T.K.**, a minor child,
Plaintiff,

v.                                                                                      [JURY DEMAND]

**WAL-MART STORES EAST, LP,**
Defendant.

## COMPLAINT

Bertland King, Wenda King, S.K. 1, S.K. 2, and T.K., (collectively referred to as the "Kings") sues Wal-Mart Stores East, LP and alleges:

### PARTIES

1. Plaintiff, Bertland King, resides in Broward County, Florida.

2. Plaintiff, Wenda King, resides in Broward County, Florida.

3. Bertland and Wenda King, are the parents and legal guardians of their oldest minor child, S.K. 1. Bertland and Wenda King bring this action in their representative capacity on behalf of S.K. 1.

4. Bertland and Wenda King, are the parents and legal guardians of their second oldest minor child, S.K. Bertland and Wenda King bring this action in their representative capacity on behalf of S.K. 2.



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

Page | 1

5. Bertland and Wenda King, are the parents and legal guardians of their youngest minor child, T.K. Bertland and Wenda King bring this action in their representative capacity on behalf of T.K.

6. Defendant, Wal-Mart Stores East, LP ("Walmart") is a business entity that operates and manages stores across the United States.

## JURISDICTION & VENUE

7. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

8. Plaintiffs are citizens of Florida.

9. Walmart is a citizen of Delaware or Arkansas. Wal-Mart Stores East, LP, is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (formerly known as Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc. The principal place of business for all entities mentioned is Bentonville, Arkansas. At no time material has Wal-Mart Stores East, LP, or its general or limited partners, been a citizen of Florida.

10. The amount in controversy, exclusive of interests and costs, exceeds the sum or value of $75,000.00.

11. Therefore, complete diversity of citizenship exists.

12. Venue is proper in the Southern District of Florida because a substantial part of the events that gave rise to the Kings' claims occurred in this district.

13. All condition precedents have been satisfied.



**FACTS**

14. On August 20, 2023, Bertland and Wenda King chaperoned a church youth event that their three children, S.K. 1, S.K. 2, and T.K., attended.

15. After the event, Bertland and Wenda King decided to take their three children and the other youth attendees to Walmart Supercenter #1996, located at 2551 E Hallandale Beach Blvd, Hallandale Beach, FL 33009, for back-to-school shopping.

16. The Kings are law-abiding citizens. Bertland King is a chef, and his wife, Wenda King, is a corrections officer. Their three minor children have done well in their studies. The Kings and the youth attendees are all Black.

17. The Kings and the youth attendees paid for their items.

18. As the Kings were about to walk out of the store, a Walmart employee stopped them and accused them of theft without any evidence to justify the allegations. The Walmart employee did not personally see the Kings take any items from Walmart, nor did she review any surveillance video that indicated the Kings had stolen any items.

19. The Walmart employee refused to allow the Kings to leave with their purchased items. The Walmart employee demanded that the Kings remain at the store and provide their receipt for the items.

20. The Kings proclaimed their innocence. Despite this, the Kings obliged to Walmart's request and allowed the employee to review the receipt.

21. Unsatisfied with the presentation of the receipt, the Walmart employee requested that another employee help her dump the purchased items into a cart so she could check each item one by one.



22. The Kings requested that their items be placed back into the bags so they could leave the store. Walmart's employees refused.

23. Walmart's employees accused the Kings of theft and embarrassed them in front of a crowd of witnesses.

24. While Walmart's employees were rummaging through the Kings' items, another Walmart employee forcefully grabbed T.K. in an effort to take T.K.'s phone.

25. Despite not discovering any evidence of theft, Walmart's employees called the police to have the Kings arrested for theft.

26. Officer Lopez and Officer Morales of the City of Hallandale Beach Police Department arrived at the store. Upon their arrival, Walmart's employees informed the officers that the Kings had stolen items.

27. One officer went with a Walmart employee to view the surveillance video of the Kings. After viewing the surveillance video, Officers Lopez and Morales concluded that the Kings did not steal anything but paid for all of the items.

28. The Kings were forced to stay in the store for over an hour.

29. Walmart's employees were acting within their scope of employment when they committed the aforementioned acts (i.e., false arrest, false reporting, and battery). Walmart's employees acted within the scope of their employment because conducting investigations into suspected theft and other forms of loss, apprehending suspected shoplifters, and recovering stolen merchandise.

30. As a result of Walmart's conduct, Bertland King, Wenda King, and their three minor children, S.K. 1, S.K. 2, and T.K., suffered damages. These



damages included emotional (i.e., humiliation and embarrassment), physical, and financial injury.

## FALSE IMPRISONMENT/FALSE ARREST

31. The Kings incorporate paragraph 1 through 30, as if they were set out herein.

32. This action is brought pursuant to the laws of Florida.

33. Bertland King, Wenda King, S.K. 1, S.K. 2, and T.K. bring this false imprisonment/false arrest claim against Walmart.

34. Walmart physically detained the Kings in their store for over an hour. Walmart then fabricated probable cause and reported to police that the Kings had stolen purchased items, even though Walmart through its employees had verified by examining the receipts and checking the items that the Kings purchased the items. Walmart made this claim without any evidence to substantiate it, such as personal observation or surveillance footage. As a result, the Kings were unlawfully detained and deprived of their liberty.

35. Walmart did not conduct a reasonable investigation to determine the validity of claim of theft. To the contrary, all of its investigation led to the conclusion that the Kings had purchased the items.

36. The Kings' detention was unreasonable and not warranted by the circumstances. Walmart's employees did not have any evidence to support the allegation that the Kings had stolen anything. Walmart's employees did not review any surveillance video that might have shown the Kings stealing anything. Walmart's employees reviewed their receipt that showed the Kings purchased the items they were carrying. Walmart's employee called the police to continue the



Kings' detention, even though there was no evidence to support the allegation that they had stolen anything. The police officers who arrived at the store reviewed the surveillance video and determined that the Kings had not stolen anything. The Kings were forced to stay in the store for over an hour when it was determined early on in the Kings' interaction with Walmart they had not stolen anything.

37. The Kings were subjected to an unnecessary and humiliating experience, and they are entitled to damages for their pain and suffering.

38. Walmart's conduct merits punitive damages because it was malicious, reckless, and or wanton. Walmart, through its agents, knew or should have known that that the Kings did not steal anything based on the review of the receipts and surveillance video. The continued detention was done with the intent to harm the Kings. This showed a reckless disregard for Kings' rights. Further, Walmart's employees knowingly gave false information to the police to have the Kings' arrested. This showed a wanton disregard for the truth.

**FALSE REPORTING OF CRIMINAL BEHAVIOR TO LAW ENFORCEMENT**

39. The Kings incorporate paragraph 1 through 30, as if they were set out herein.

40. This action is brought pursuant to laws of Florida.

41. Bertland King, Wenda King, S.K. 1, S.K. 2, and T.K. bring this false reporting of criminal behavior claim against Walmart.

42. Walmart owed a duty at all times to use reasonable care so not to jeopardize the Kings' liberty and protect the Kings from false accusations of theft.



600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

43. Walmart falsely reported to Hallandale Beach Police Department that the Kings stole from its store.

44. Walmart's conduct arose to the level of punitive conduct. Walmart falsely reported to police that the Kings had stolen purchased items, even though Walmart reviewed the Kings' receipt and showed that each item was paid for. Further, Walmart's employees could have reviewed the surveillance camera to further confirmed that the Kings had not stolen any of Walmart's items. The Kings proclaimed their innocence and presented evidence to controvert claims of theft (i.e., receipt). Walmart has an obligation to investigate the claim of innocence. It did not. This is especially true where Walmart evidence of innocence was readily available, i.e., surveillance footage.

45. Instead, Walmart contacted Hallandale Beach Police Department and requested the Kings' arrest based on its false accusation of theft (i.e., Kings stole purchase items).

46. Walmart's employees made these statements without having personally observed any theft by the Kings. To the contrary, Walmart had evidence that the Kings had not stolen anything, (i.e., receipts).

47. Furthermore, Walmart did not disclose to the officer the complete set of facts (i.e., receipts evidencing purchase).

48. Walmart's conduct indicated a wanton disregard for the Kings' rights. Walmart knew or should have known that no crime of theft had been committed by the Kings. Namely, the Kings presented a receipt for all of the purchased items.

49. As a direct and proximate cause of Walmart' acts and omissions set forth above, the Kings have in the past suffered and will in the future continue to suffer mental anguish and damages to their reputation within the community.

50. Walmart's conduct merits punitive damages because it was malicious, reckless, and or wanton. Walmart knew or should have known that the Kings did not steal its items, but it falsely reported to the police that they did. This was done with the intent to harm the Kings. Walmart failed to conduct a reasonable investigation before reporting the Kings to the police (i.e., review the surveillance video). This showed a reckless disregard for the Kings' rights. Walmart misrepresented the facts to the police in order to have the Kings arrested. Despite knowing that the Kings would likely suffer injuries as a result of Walmart's false reporting, Walmart proceeded with its report anyway. This showed a wanton disregard for the truth.

**BATTERY**

51. T.K. incorporates all allegations in paragraph 1 through 30, as if they were set out herein.

52. T.K. brings this battery claim against Walmart.

53. This action is brought pursuant to Florida law, which defines battery as intentional harmful or offensive contact with a person.

54. Walmart committed battery against T.K. by forcefully grabbing him in effort to take his phone. Walmart is responsible for the acts of its agents and employees.

55. Walmart's employee, an adult, grabbed T.K, an adolescent youth. This contact was harmful and offensive to T.K. because the contact was


600 Southwest 4th Avenue, **Fort Lauderdale, Florida 33315**

Page | 8

unwanted, unwelcome, unnecessary, threatening, intimidating, and invaded T.K.'s personal space.

56. Walmart intended to and did cause the harmful and offensive contact upon T.K.'s person. There was no need to touch T.K as he did not pose a threat to anyone. This conduct indicates that Walmart intended to cause him harm.

57. T.K. suffered damages. As a result of Walmart's battery, T.K. suffered including but not limited to emotional distress, fear, anxiety, loss of enjoyment of life.

**PRAYER**

Wherefore, Bertland King, Wenda King, S.K. 1, S.K. 2, and T.K., demands the following relief against Defendant:

a. Compensatory general and special damages in an amount in accordance with proof;
b. Consequential damages;
c. Exemplary damages, against Defendant, for intentional acts described above or for those done negligently or recklessly or with deliberate indifference, in an amount sufficient to deter the conduct of said Defendant;
d. Reasonable attorneys' fees and expenses of litigation where permitted by law;
e. Prejudgment and post-judgment interests where permitted by law;
f. Punitive damages;
g. Nominal damages;



    h. Costs of suit and interest accrued incurred herein; and

    i. Other forms equitable and/or legal relief the Court deems just or proper.

Respectfully submitted by,

PIERRE **SIMON**
Attorneys for Plaintiffs
600 Southwest 4th Avenue,
Fort Lauderdale, Florida 33315

By: s/ Faudlin Pierre
Faudlin Pierre, Esq.
FBN. 56770
fplaw08@yahoo.com
(305) 336-9193
